FILED
2016 Jun-06  PM 04:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (SOUTHERN DIVISION)

| | |
|---|---|
| **DAVID PHILLIPS AND** ) | |
| **DIANE BROWNING, individually** ) | |
| **and on behalf of the class of persons** ) | |
| **described herein,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No.: 2:16-cv-00837-JEO** |
| ) | |
| **HOBBY LOBBY STORES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

_____

## FIRST AMENDED CLASS ACTION COMPLAINT
_____

Come now Plaintiffs David Phillips and Diane Browning ("Plaintiffs") and bring this nationwide class action against Defendant Hobby Lobby Stores, Inc. ("Defendant" or "Hobby Lobby") and, in addition to the facts and matters set forth in their Complaint, state their First Amended Complaint as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to its diversity jurisdiction. 28 U.S.C. §1332. There is complete diversity between Plaintiffs and Defendant in the action, and the amount in controversy is over $75,000.00.

2.      Venue is proper in this Court under 28 U.S.C. §1391 because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

3.      David Phillips is a resident of Shelby County, and is over the age of nineteen (19) years.  Mr. Phillips suffered an ascertainable loss and/or monetary damages as a result of the Defendant's unlawful conduct.

4.      Diane Browning is a resident of Walker County, Alabama and is over the age of nineteen (19) years.  Ms. Browning suffered an ascertainable loss and/or monetary damages as a result of the Defendant's unlawful conduct.

5.      Hobby Lobby Stores, Inc. ("Hobby Lobby") is an Oklahoma Corporation, organized under the laws of the State of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma.

## NATURE OF CLASS ACTION

6.      Hobby Lobby operates over six hundred retail stores nationwide, primarily selling arts, crafts, frames, small pieces of furniture and other similar merchandise.  Hobby Lobby's merchandise is available for purchase online or in any Hobby Lobby stores throughout the country.  Through its online presence, Hobby Lobby sells and ships merchandise to all fifty states, Puerto Rico and the District of Columbia.

2

7.     Common law and state consumer protection laws prohibit deceptive advertising.  By advertising discounts that were not actually provided it's customers, Hobby Lobby violated common law and numerous consumer protection laws. Plaintiffs bring this nationwide action against Defendant Hobby Lobby for engaging in a systemic scheme of falsely advertising merchandise discounts and "never-ending" sales in violation of the common law and consumer protection laws of numerous states.

8.     In violation of such laws, Hobby Lobby misleads its customers regarding the "regular" price on much of its merchandise.  Hobby Lobby's "regular" price is an artificially inflated price at which the merchandise has never been sold by Hobby Lobby or any other retailer.  In further violation of the law, Hobby Lobby offers percentage discount coupons and takes these percentage discount coupons from its artificially inflated price (the "regular" price for which the merchandise never sells) rather than its everyday sales price.  Hobby Lobby systemically refuses to give the advertised percentage discount coupon from the price at which the merchandise "always" sells.  Hobby Lobby's discount scheme operates identically for online and in store purchases.

9.    At all times pertinent to this action, Hobby Lobby was utilizing the foregoing false and deceptive advertising scheme.  Further, Hobby Lobby continues to engage in this unlawful conduct.

10.    By advertising and purporting to offer discounts that were not actually provided to its customers, Hobby Lobby violated the common law and various state consumer protection laws.

11.    Plaintiffs bring this action against Hobby Lobby seeking, *inter alia*, to stop this unlawful practice, recover overcharges paid by customers, and obtain the actual discounts that were denied to the customers.

## FACTS

12.    Plaintiffs incorporate by reference, as if fully set forth herein, all of the Complaint and paragraphs 1 through 11 above.

13.    On April 2, 2016, Ms. Browning was shopping at Hobby Lobby for craft items, and decided that she would consider buying a chest of drawers.

14.    Ms. Browning was told by another customer at the store that she could get 40% off of the purchase price by downloading a coupon onto her phone.

15.    Ms. Browning did download the coupon, which stated that she would get 40% off of "one item at regular price only."

4

16.     The small chest was marked as "Always 30% off," at a price of $202.99. Because the item was marked as "Always" 30% off," Ms. Browning thought that she would get 40% off of that price, for a final price of $121.80.

17.     Ms. Browning did not receive a price of $121.80 at the register when she went to check out. Instead, the 40% discount was taken off of a "Regular" price of $289.99, making the price paid by Ms. Browning $173.99.

18.     The "Regular" price was on the item. However, Hobby Lobby's own information shows that this price is anything but "Regular." The ticket said "Furniture always 30% off." Simply put, the "Regular" price is the price at which an item is "regularly" sold.  In this case, $202.99, not an artificial price that does not correspond to any sale of the item made by Hobby Lobby.

19.     The above-referenced scheme is not unique to this particular item. Rather, many items are "always" on sale, but coupon discounts are taken from a price the item never sells at, which is most definitely not the regular price referenced in the coupon. Moreover, this scenario plays out, not only for 40% off coupons downloaded onto smart phones, but also for 40% off coupons printed from Hobby Lobby's website, and brought into the store, or clipped from advertisements and other printed sales circulars. The operational language is identical.

20.     Mr. Phillips was also affected by this scheme. On October 23, 2015, Mr. Phillips made a purchase of a museum glass at the Doug Baker Boulevard Hobby Lobby location in Shelby County, Alabama. He used the same 40% off coupon that Ms. Browning did.

21.     The museum glass that Mr. Phillips purchased was marked "Always 30% off," and the museum glass indeed, was never sold for a price other than $91.00.

22.     However, instead of getting 40% off of the $91.00 price, for a total of $54.60, Mr. Phillips was "given" 40% off of a largely fictional price of $130.00, and paid $78.00.

23.     Hobby Lobby cannot claim that it does not know that advertising "permanent" or "never ending" sales is not misleading. In 2014, it agreed to pay civil penalties in an action brought by the State of New York's Attorney General over "never ending" sales.

24.     Hobby Lobby operates approximately 600 locations in thirty-five (35) states. The policies regarding the items permanently on sale, and the 40% off coupons relating to never actually used prices emanate from Oklahoma's corporate offices. These policies, referenced above, are uniform throughout the country and apply to all stores and internet sales and shipments.

25.    Hobby Lobby's unlawful conduct was utilized for the purpose of attracting customers to its stores with the promise of discounts that did then, nor ever, exist.  Hobby Lobby kept its policies secret, thereby allowing its customers to unknowingly pay more than the purported discount price.  Hobby Lobby's scheme was designed to avoid detection and to conceal the deception from it's customers.  By its very nature, Hobby Lobby's deceptive practices were self-concealing.

26.    Plaintiffs have suffered an ascertainable loss and/or monetary damages as a result of Hobby Lobby's unlawful conduct.

27.    Plaintiffs have provided Hobby Lobby with a written demand for relief reasonably describing the foregoing unfair and deceptive practice that caused them to suffer injury, and Hobby Lobby has failed to respond to Plaintiffs' demand.

## CLASS ALLEGATIONS

28.    Plaintiffs bring this case as a class action in conformity with the 11th Circuit's opinion in Lisk v. Lumber One Wood Preserving, 792 F.3d 1331 (11th Cir. 2015), which held that Rule 23 class actions are maintainable for substantive claims under the Alabama Deceptive Trade Practices Act.

29.    Class Definition: Pursuant to Fed.R.Civ.P. 23(b)(1), (2) and (3), Plaintiffs bring this action on behalf of themselves and all others similarly situated, as members of the proposed Plaintiff Class. The proposed Plaintiff Class is defined as follows:

7

All persons within applicable statute of limitations period who purchased goods with a coupon at a Hobby Lobby location in the United States that were marked as "always on sale" but where a price higher than the "sale" price was never charged for the goods, and the coupon discount was taken off of an illusory, irrelevant, higher price.

30.    The states in which Hobby Lobby operates that have statutes prohibiting deceptive statements concerning the nature of price reductions are as follows:

      i.      Alabama Deceptive Trade Practices Act, Ala. Code §8-19-5, et seq.

      ii.      Alaska Unfair Trade Practices Act and Consumer Protection Act, AS §45.50.471

      iii.      Arizona Consumer Fraud Act, ARS §§ 44-1522

      iv.      Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §4-88-101.

      v.      Cal. Legal Remedy Act, Cal. C. Code §§1770(a) et seq., Cal. Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 et seq.; California False Advertising Law, Cal. Bus. & Prof. Code §§17500 et seq.

      vi.      Colorado Consumer Protection Act, Col. Rev. Stat. §6-1-101 et seq.

      vii.      Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Ann. §§442-110(a)

      viii.      Florida Deceptive and Unfair Trade Practices Act, Fl Stat §§501.201 et seq.; and the Florida Misleading Advertising Statute, Fla. Stat. §817.41 et seq.

ix.        Georgia Deceptive Trade Practices Act, O.C.G.A. § 10-1-372 <u>et</u> <u>seq</u>.

x.        Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 <u>et</u> <u>seq</u>.

xi.        Indiana Deceptive Consumer Sales Act, Ind. Code §§24-5-0.5-1.

xii.        Iowa Consumer Fraud Act, Iowa Code §§714H <u>et</u> <u>seq</u>.

xiii.        Kansas Consumer Protection Act, Kan. Stat. Ann. §§50-634 <u>et</u> <u>seq</u>.

xiv.        Kentucky Consumer Protection Act, KPS. §§367.110 <u>et</u> <u>seq</u>.

xv.        Maine Unfair Trade Practices Act, § M.R.S.A. §§205-A-214 <u>et</u> <u>seq</u>.; and Uniform Deceptive Trade Practices Act, 10 MRSA §§1211 <u>et</u> <u>seq</u>.

xvi.        Maryland Consumer Protection Act, Md. Code Ann. Con. Law §§13-101 <u>et</u> <u>seq</u>.

xvii.        Massachusetts Regulation of Business Practice and Consumer Protection Act, M.C.L.§§445.901 <u>et</u> <u>seq</u>.

xviii.        Minnesota Uniform Deceptive Trade Practices Act, Minn Stat. 325D. 44 <u>et</u> <u>seq</u>.

xix.        Nebraska Consumer Protection Act, Neb. Rev. Stat. §§59-1601

xx.        Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §§41.600, <u>et</u> <u>seq</u>.

xxi.       New Hampshire Consumer Protection Statute, RSA 358-A:1, et seq.

xxii.      New Jersey Consumer Fraud Act, N.J.S.A. §6:8-1, et seq.

xxiii.     New Mexico Unfair Trade Practices Act, N.M. Stat. §57-12-1 et seq.

xxiv.     New York General Business Law §§349, 350.

xxv.      North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. §§75-1.1, et seq.

xxvi.     North Dakota Unfair Trade Practices Law, N.D. Cent. Code §§51-10-01 et seq.

xxvii.    Ohio Consumer Trade Practices Act, ORC §1345.01 et seq.

xxviii.   Oklahoma Consumer Protection Act, Okla. Tit. 15, §§751 et seq.

xxix.     Oregon Unlawful Trade Practices Act, ORS 646.605 et seq.

xxx.      Pennsylvania Unfair Trade Practices and Consumer Fraud Law, 37 Pa. Stat. Ann. §§201-1, et seq.

xxxi.     Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I.C.L. §§6-13.1-1, et seq.

xxxii.    South Dakota Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws §§37-24-1 et seq.

    xxxiii.   Texas Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Con. Code §§17.41 et seq.

    xxxiv.   Utah Consumer Sales Practices Act, Utah Code Ann. §13-11-1 et seq.

    xxxv.   Vermont Consumer Fraud Act, 9 V.S.A. §2451 et seq.

    xxxvi.   Virginia Consumer Protection Act, Va. Code §59.1 - 196 et seq.

    xxxvii.   Washington Consumer Protection Act, RCW 19.86.010 et seq.

    xxxviii.   West Virginia Consumer Credit and Protection Act, W.Va. Code §46-A-6-101 et seq.

    xxxiv.   Wisconsin Deceptive Trade Practices Act, Wis. Stat. §100.18(1), et seq.

    xxxv.   Wyoming Consumer Protection Law, WS. §§40-12-101, et seq.

31.   Numerosity: The members of the Class are so numerous that their individual joinder would be impracticable in that: (a) the Class includes at least hundreds of individual members; (b) the precise number of Class members and their identities are unknown to Plaintiff, but are well known to Hobby Lobby, and can easily be determined through discovery; (c) it would be impractical and a waste of judicial resources for each of the at last hundreds of individual Class members to be

individually represented in separate actions; and (d) the relatively small amount of damages suffered by some of the Class members does not make it economically feasible for those Class members to file an individual action to protect their

32.   <u>Commonality/Predominance:</u> Common questions of law and fact predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

> a. Whether Hobby Lobby's practices violated the Deceptive Trade Practices Acts of the states listed herein.
>
> b. Whether Hobby Lobby took coupon discounts which were supposed to be taken off of regular prices, off of prices that were never used but were simply marked on items as a never used "regular" price.
>
> c. Whether Plaintiffs are entitled to damages under the Deceptive Trade Practices Acts listed herein.
>
> d. Whether Hobby Lobby has breached contracts by the practices described herein.

33.   <u>Typicality:</u> Plaintiff is typical of the claims of the Class members. Plaintiff and all Class members have been injured by the same wrongful practices engaged in by Hobby Lobby. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

34.    Adequacy: Plaintiff will fully and adequately assert and protect the interests of the Class. Plaintiff retained counsel who is experienced in class actions and complex mass tort litigation. Neither Plaintiff nor their counsel have interests contrary to or conflicting with the interests of the Class.

35.    Superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims by each of the Class members is economically unfeasible and impractical. While the aggregate amount of the damages suffered by the class is in the millions of dollars, the individual damages suffered by each of the Class members as a result of the wrongful conduct by Hobby Lobby are too small to warrant the expense of individual lawsuits. Even if the individual damages were sufficient to warrant individual lawsuits, the court system would be unreasonably burdened by the number of cases that would be filed.

36.    Plaintiff does not anticipate any difficulties in the management of this litigation management of this litigation.

## COUNT I

**(Claims Under the Oklahoma Deceptive Trade Practices Act)**

37.    Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1 through 36 above.

38.     The Oklahoma Deceptive Trade Practices Act, Okl. Stat. 15 § 751 et seq. sets forth certain actions that are considered to be deceptive, and the remedies for violating those provisions.

39.     Okla. Stat. 15 § 753(8) states that it is unlawful to "advertise knowingly, or with reason to know, the subject of a consumer transaction with intent not to sell it as advertised."

40.     Okla. Stat. 15 § 753(11) states that it is unlawful to false or misleading statement of fact concerning the reasons for, existence of, or amounts of, price reductions.

41.     The Oklahoma Deceptive Trade Practices Act provides for a civil action on behalf of the "aggrieved consumer for the payment of actual damages sustained by the customer ..." Okl. Stat. 15 § 761.1A

42.     Ms. Browning should have gotten forty percent (40%) off of the "Always" price, because that is the regular price of the goods. As such, she has been injured in the amount of $52.19. Similarly, Mr. Phillips should have gotten 40% off of the "Always" price. He has been injured in the amount of $23.40.

43.     It is not just the items that Ms. Browning and Mr. Phillips purchased that employ this scheme. Hobby Lobby employs the "coupon" and "permanent sale"

schemes on many items, and has throughout the class period. Exactly which items have been sold in this fashion are readily ascertainable from Hobby Lobby's records.

44.     As stated above, Hobby Lobby is well aware that this practice violates the Oklahoma Deceptive Trade Practices Act because it has been the subject of an action by the New York State Attorney General, based upon an almost identical Deceptive Trade Practices Act, for the same practices.

WHEREFORE, Plaintiff, on behalf of herself, and the class described above, demands damages in an amount to be determined by struck jury, plus costs, and a reasonable attorneys' fee.

## COUNT II

**(Claims Under the Deceptive Trade Practices Acts of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Minnesota, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode island, South Dakota, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming )**

45.     Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1 through 44 above.

46.     Plaintiffs and each class member have claims against Hobby Lobby under the Oklahoma Deceptive Trade Practices Act because the Oklahoma Deceptive Trade

Practices Act prohibits a person, natural or corporate, from engaging in practices made illegal by the Oklahoma Consumer Protection Act. 15 Okl. Stat. § 753.   By promulgating the practices outlined above from its corporate offices in Oklahoma, each transaction, even when it takes place at a Hobby Lobby Store outside of Oklahoma, creates a violation of Oklahoma's Consumer Protection Statute.

47.     Additionally and alternatively, the transactions also violate the consumer protection statutes of the states listed above, and this Count sets forth the causes of action fo the different class members of the different states under those consumer protection statutes.

48.     The Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1 (1975) et seq. sets forth certain actions that are considered to be deceptive, and the remedies for violating those provisions.

49.     Ala. Code § 8-19-5 (11) (1975) states that it is unlawful to mak[e] a false or misleading statement of fact concerning the reasons for, existence of, or amounts of, price reductions.

50.     The Alabama Deceptive Trade Practices Act provides for a civil action where the commission of acts described by Ala. Code § 8-19-5 "causes monetary damage to a consumer". Ala Code § 8-19-10 (a) (1975).

16

51.    Ms. Browning should have gotten forty percent (40%) off of the "Always" price, because that is the regular price of the goods. As such, she has been injured in the amount of $52.19. Similarly, Mr. Phillips should have gotten 40% off of the "Always" price.  He has been injured in the amount of $23.40.

52.    It is not just the items that Ms. Browning and Mr. Phillips purchased that employ this scheme. Hobby Lobby employs the "coupon" and "permanent sale" schemes on many items, and has throughout the class period. Exactly which items have been sold in this fashion are readily ascertainable from Hobby Lobby's records.

53.    The above-referenced analysis references the Alabama Deceptive Trade Practices Act. However, each of the statutes listed herein, for each of the states listed herein, similarly prohibit false or misleading statements to consumers concerning the reasons for, existence of, or amounts, of price reductions. Many of the statutes use almost identical language. As such, the legal analysis of the causes of action under the various states does not change.

54.    Plaintiffs have provided Hobby Lobby with their written demand for relief reasonably describing the foregoing unfair and deceptive practice that caused them to suffer injury, and Hobby Lobby has failed to respond to Plaintiffs' demand.

55.    As a result of Hobby Lobby's unlawful conduct, Plaintiffs and class members have suffered damage, and will likely suffer additional injury if Defendant's conduct continues.

WHEREFORE, Plaintiffs, on behalf of themselves, and the class described above, demand damages, including statutory damages where applicable (to be trebled or otherwise increased as permitted by the respective jurisdiction's applicable law), costs, attorney's fees and such other and additional relief deemed appropriate by this court.

## COUNT III

### (Breach of Contract)

56.    Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1 through 55 above.

57.    Plaintiffs and class members entered into contracts with Hobby Lobby when they manifested their acceptance of Hobby Lobby's offer by presenting goods at the Hobby Lobby registers, along with their coupons.

58.    Hobby Lobby breached their contract by charging Plaintiffs and the Class a discount off of another, irrelevant, price, as opposed to the regular price of the item.

59.    Plaintiffs and the Class have been damaged in an amount calculated as the difference between the price they paid, and 40% off of the price items were regularly, or "always" sold at.

WHEREFORE, Plaintiffs and the Class demand damages in an amount to be determined by struck jury.

## COUNT IV

### (Injunctive Relief)

60.    Plaintiffs incorporate by reference, as if set forth fully herein, paragraphs 1 through 59 above.

61.    The violations of the Oklahoma Deceptive Trade Practices Act are the subject of injunctive relief because the conduct is not only capable of being repeated, but will continue unless Hobby Lobby is enjoined from continuing these practices. As such, monetary relief alone is inadequate.

WHEREFORE, Plaintiffs, on behalf of the Class, request that Hobby Lobby be enjoined from calculating coupon discounts that state they are "good for items at regular price," based on prices that are never actually charged.

### PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

*/s/ Brian M. Clark*
Brian M. Clark

OF COUNSEL:
Wiggins Childs Pantazis Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0530

Allan L. Armstrong
Armstrong Law Center, LLC
The Berry Building
2820 Columbiana Road
Vestavia Hills, Alabama 35216

Darrell Cartwright
Cartwright Law Center, LLC
P.O. Box 383204
Birmingham, AL 35238

**Please serve Defendant by Certified Mail:**

**Registered Agent:     CSC Lawyers Incorporating Service**
**150 S. Perry Street**
**Montgomery, Alabama 36104**