FILED
2021 Apr-07  AM 10:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID PHILLIPS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  2:16-cv-00837-JHE |
| | ) | |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| STEVEN D. MARCRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:18-cv-01645-JHE |
| | ) | |
| HOBBY LOBBY STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### PRELIMINARY APPROVAL ORDER

The plaintiffs in these consolidated class actions have filed unopposed motions for preliminary approval of the settlements between themselves (and on behalf of their respective classes) and Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby"). (*Phillips*, docs. 150 & 151; *Marcrum*, doc. 81 & 82). [1] Although the issues in the cases overlap substantially, the parties have executed separate agreements for each Settlement Class. The undersigned considers the motions separately.

---

[1] For the purposes of this motion, all docket entries referenced are those in *Phillips*.

In this case, the Estate of Diane Browning ("Estate" or "Class Plaintiff"), by and through its counsel, has submitted a Class Action Settlement Agreement and has applied, pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), for an order: (1) certifying a Settlement Class[2] and appointing Settlement Class Counsel; (2) preliminarily approving the Terms and Conditions set forth in the Class Action Settlement Agreement (the "Settlement") as fair, reasonable and adequate; (3) approving forms, content and a program for Notice to the Settlement Class; and (4) scheduling a hearing to consider final approval of the Settlement.  (Doc. 150). Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") has informed the Court that it does not oppose the relief requested.

The Court has given due consideration to the terms of the Settlement, the Exhibits to the Settlement, the submissions of the parties in support of preliminary approval of the Settlement, the record of proceedings herein, and the requirements of law, including without limitation the requirements of the Class Action Fairness Act ("CAFA") and Rule 23 of the Federal Rules of Civil Procedure.  It now finds that the class should be certified for settlement purposes only; the Estate of Diane Browning should be appointed Class Representative; the firms of Wiggins Childs Pantazis Fisher & Goldfarb, LLC, the Armstrong Law Center, LLC, and the Cartwright Law Center, LLC should be appointed Settlement Class Counsel; and the proposed Settlement should be preliminarily approved for purposes of notifying the Settlement Class of the opt-out and objection deadlines and the date of the Court's hearing to determine whether the Settlement should be finally approved ("Fairness Hearing").

---

[2] All capitalized terms herein have the same definition as the definition given to them in the Class Action Settlement Agreement.

2

At this juncture, the Court is exercising its discretion in temporarily and preliminarily certifying the Class for settlement purposes only and has not determined whether certification of a litigated class for the purposes of trial is appropriate. The Court recognizes that Hobby Lobby has preserved all of its defenses and objections against and rights to oppose certification of the Class if the proposed settlement is not finally approved by the Court following the fairness hearing.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.    This Court has jurisdiction of the subject matter of this Action and personal jurisdiction over the Plaintiff and Hobby Lobby (the "Parties"). Venue is also proper in this District pursuant to 28 U.S.C. § 1391.

2.    Plaintiff's motion for preliminary approval of the Settlement, (doc. 150), is **GRANTED**.

3.    Hobby Lobby's motion for a finding that it has complied with the requirements of CAFA, (doc. 154), is also **GRANTED**.

4.    All non-settlement related proceedings in this Action are stayed and suspended until further order of the Court.

5.    This action may be maintained as a class action under Rule 23 for settlement purposes on behalf of the following class (the "Settlement Class"):

> All persons or entities who purchased furniture at a Hobby Lobby store in Alabama between the dates of May 19, 2015 and October 2, 2017, and in connection with that purchase, used a Hobby Lobby 40% coupon. These persons or entities will be referred to as "Settlement Class Members."
>
> Excluded from the Settlement Class are those persons or entities (a) who had claims pending against Hobby Lobby before either a federal or state court as of the date of Preliminary Approval, where those claims related in any way to the Hobby Lobby 40% coupon; (b) who previously released all claims against Hobby Lobby; (c) who had previously settled any claims they pursued (or could have pursued) against Hobby Lobby, where the suits or claims were independent and unconnected to any

Settlement Agreement reached in this case; or (d) who are Hobby Lobby agents or employees, or are family members of Hobby Lobby agents or employees, or who are otherwise affiliated with Hobby Lobby.

6.    The Court finds for purposes of settlement that the prerequisites to class certification under Rule 23(a) are preliminarily satisfied, including:

a.    The proposed Settlement Class numbers in the thousands and is so numerous that joinder of all members is impracticable. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (more than forty members is enough to satisfy numerosity requirement);

b.    There are questions of law and fact common to the Class Plaintiff and members of the Settlement Class, including whether Hobby Lobby's application of its 40% off coupons to furniture purchases violates the Alabama Deceptive Trade Practices Act ("ADTPA") Ala. Code § 18019-1 *et seq.  See Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (commonality found where there is at least one issue whose resolution will affect all or a significant number of the putative class members);

c.    The claims of the Plaintiff are based on the same legal theories and are typical of the claims of the members of the Settlement Class. Whether Hobby Lobby violated state law in the manner in which it applied its 40% discount coupon to furniture prices involves substantially the same issues as to Class Plaintiff and the Settlement Class. *See In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 640-41 (S.D. Fla. 2015) (typicality present where the named plaintiff and the putative class members have the same or similar injury purportedly caused by the same course of conduct by the defendant); and

d.    The Class Plaintiff is represented by counsel experienced in complex litigation, who have no interests in conflict with the interests of members of the proposed

Settlement Class, who together with Plaintiff have displayed their commitment to representing the interests of members of the Settlement Class during the course of litigation to date, and who will fairly and adequately protect the interests of the Settlement Class. *See Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1985).

7.     The Court finds for purposes of settlement that the prerequisites to class certification under Rule 23(b)(3) are satisfied because questions of law and fact common to all members of the Settlement Class predominate over questions affecting only individual members of that Class, and certification of the Settlement Class is superior to other available methods for fair and efficient resolution of this controversy. *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1268-69 (11th Cir. 2004).

8.     The Court appoints Plaintiff, the Estate, as the Settlement Class Representative. The Court further appoints the firms of Wiggins Childs Pantazis Fisher & Goldfarb, LLC, the Armstrong Law Center, LLC, and the Cartwright Law Center, LLC, as Settlement Class Counsel.

9.     The terms of the parties' Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of the notice of the proposed Settlement Agreement to the Class members. This determination permitting notice to the Class is not an ultimate and final conclusion that the Settlement Agreement is fair, reasonable, and adequate, but simply a determination that there is probable cause to submit the proposed settlement to review and comment by the Settlement Class Members. *See* Manual for Complex Litigation (Fourth) § 21.632 (2004).

10.     In the event that the settlement does not terminate with a Final Order or Final Judgment in complete accordance with the terms of the Settlement Agreement, then this Order shall be rendered null and void and will be vacated. The Settlement Agreement shall also be rendered null and void in accordance with Paragraph 19 of the Settlement Agreement.

5

11.    The Court grants preliminary approval of the Settlement Agreement as falling within the range of possible approval and meriting submission to the Settlement Class for its consideration, pursuant to Rule 23.  The Court finds that the Settlement was the product of serious, informed, non-collusive, arms-length negotiations between the parties, aided by the services of a highly-skilled mediator, James Pratt.  The Settlement Relief is approximately 39% of the maximum possible recovery for the Class, which places this Settlement on a higher ground than other cases where lower percentage recoveries were approved.  *See Parsons v. Brighthouse Networks, LLC*, 2015 WL 13629647, at *3 (N.D. Ala. Feb. 15, 2015) (Class recoveries of between 13% to 20% are "frequently found … to be fair and adequate").

12.    Pursuant to Rule 23, a Fairness Hearing shall be held before this Court at **10:00 a.m. on August 5, 2021**, at the **Hugo Black United States District Court, 1729 5th Avenue North, Birmingham, Alabama 35203, in Courtroom 3A**. At the Fairness Hearing, the Court will consider: (a) whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) whether Settlement Class Plaintiff and Class Counsel have fairly and adequately protected the interests of the Settlement Class; and (c) whether Class Counsel should be awarded fees and expenses to be paid by Hobby Lobby.

13.    Hobby Lobby has submitted an unopposed motion to approve JND Legal Administration as Settlement Administrator.  (Doc. 153).  The Court has reviewed the experience and qualifications of the proposed Settlement Administrator and determined it is qualified to serve as the Settlement Administrator at Hobby Lobby's sole expense.  Accordingly, Hobby Lobby's motion is **GRANTED**.

14.    The Court approves, as to form and content, the Notice Program set forth in the Settlement Agreement and finds that such notice plan is the best practicable under the

circumstances, in conformity with Federal Rule of Civil Procedure 23. It is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, the terms of the proposed Settlement, and of their rights under and with respect to the proposed Settlement (including their right to object or seek exclusion). The Court further finds that the Class Notices are written in simple terminology and are readily understandable.

15.    The Settlement Administrator will publish the notice in the form of Exhibits A and B to the Settlement Agreement, in accordance with the provisions of the Settlement Agreement, on or before **May 7, 2021**. Hobby Lobby is directed to post notices in its Alabama stores containing substantially the same information as included in the Notice attached to the Settlement Agreement as Exhibit B, beginning on or before thirty (30) days from the date of this Order and continuing up to at least thirty (30) days prior to the date established by this Court for the Fairness Hearing. The Settlement Administrator and Hobby Lobby are further directed to post on their websites the form of the Notice attached to the Settlement Agreement as Exhibit B. Hobby Lobby is authorized to communicate with Settlement Class Members about matters within the normal course of Hobby Lobby's business. But Hobby Lobby is directed to refer any inquiries about the proposed Settlement to the Settlement Administrator or Class Counsel.

16.    No later than ten (10) days prior to the Fairness Hearing, Hobby Lobby and the Settlement Administrator shall file with this Court, and serve on Class Counsel, declarations stating that the publication and posting of notices described in the paragraph above have been completed.

17.    The Court finds that, under the circumstances, the Notice described in paragraph 12 above constitutes the best notice that is practicable of the Fairness Hearing, the Proposed Settlement, and other matters set forth in the Notice, and that such distribution of notice constitutes valid, due, and sufficient notice to all members of the Settlement Class, and complies fully with

the requirements of Rule 23, 28 U.S.C. § 1715, the Constitution of the United States, the Settlement

Class Members' rights of due process, and all other applicable law.

18.     Hobby Lobby shall pay all costs and expenses of publishing and posting the notices.

19.     Any person falling within the definition of the Settlement Class may, upon the

person's request, be excluded from the settlement. Any such person must submit a request for

exclusion, postmarked on or before **July 6, 2021**, to:

> Hobby Lobby Settlement
> JND Legal Administration
> P.O. Box 91225
> Seattle, WA  98111

The Settlement Administrator shall give notice within 7 days of the receipt of any request

for exclusion by providing a complete copy thereof to counsel for the Settlement Class and counsel

for Hobby Lobby at the address listed in the Class Notice.  The person making the request for

exclusion must sign the request personally or by legal counsel. Requests seeking to exclude a class

of persons are invalid and will not be accepted. A request for exclusion must include the (a) full

name of the person requesting exclusion, and (b) the current address of that person. The request for

exclusion must also state specifically that the person requests exclusion from the Settlement Class

in *David Phillips, et al. v. Hobby Lobby Stores, Inc.,* In the United States District Court for the

Northern District of Alabama, Southern Division, Case No: 2:16-cv-00837-JHE. All persons who

submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have

no rights under the Settlement Agreement and shall not be bound by the Settlement Agreement or

any Final Judgment later entered herein. All persons falling within the definition of the Settlement

Class who do not request exclusion in the manner set forth in this paragraph shall be Settlement

Class members and shall be bound by the Settlement Agreement and any final judgment later entered herein.

20.    Any person falling within the definition of the Settlement Class who does not request exclusion in the matter set forth above can object to the proposed Settlement by filing and serving a written objection. The person making the objection ("objector") must sign the objection personally or by legal counsel. An objection must: (1) state the full name and current address of the person asserting the objections, and (2) state why the objector objects to the proposed settlement and any reasons supporting such position. Any party wishing to object must provide copies of any documents the objector intends to rely upon, the names and addresses of any witnesses who will appear at the hearing, and the name of any counsel representing the objector. Depositions of those posing objections may be taken so long as they are limited to topics relating to the objection. If an objector intends to appear personally at the Fairness Hearing, the objector must include with the objection a notice of the objector's intention to appear at the hearing ("Notice of Intent to Appear'). Objections, along with any Notices of Intent to Appear, must be postmarked on or before **July 6, 2021** and should be mailed to Settlement Class Counsel and counsel for Hobby Lobby at the addresses listed in the Notice. Settlement Class Counsel shall file any objections and notices of intent to appear received from any Settlement Class Members with the Court prior to the August 5, 2021 Fairness Hearing.

21.    Only persons in the Settlement Class who have filed and served valid and timely notices of objection, in accordance with paragraph 20 above, shall be entitled to be heard at the Fairness Hearing.

22.    Attorneys representing Settlement Class Members in this lawsuit, other than Settlement Class Counsel, must file a Notice of Appearance with the Clerk of the Court, and send

a copy to Class Counsel and counsel for Hobby Lobby at the addresses listed in the notice. The

Notice of Appearance must be filed on or before **July 22, 2021**.  Any person who does not file and

serve a Notice of Appearance as set forth herein shall not be permitted to appear at the Fairness

Hearing.

23.     Any Settlement Class member who does not file and serve an objection in writing

to the Settlement Agreement in accordance with the procedure set forth in the Notices and as

mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral

attack, or otherwise.

24.     Any application by Class Counsel for an award of Attorneys' Fees and Expenses

shall be filed with the Court no later than fourteen (14) days before the deadline for the Settlement

Class Members to object to the Settlement or to seek exclusion from the Class.  The Settlement

Administrator shall promptly post any such application to the Settlement website after its filing

with the Court.  All other submissions of the Parties in support of the proposed Settlement, or in

response to any objections submitted by any governmental entities or Settlement Class Members,

shall be filed no later than ten (10) days before the Fairness Hearing.  The Settlement Administrator

is directed to file a list reflecting all requests for exclusion it has received from Settlement Class

Members with the Court no later than ten (10) days before the Fairness Hearing.

25.     The Court may, for good cause, extend any of the deadlines set forth in this Order or

adjourn or continue the Fairness Hearing without further notice to the Settlement Class.

26.     The Court has reviewed Hobby Lobby's motion for entry of an order finding it has

complied with the notice requirements of CAFA, as codified at 28 U.S.C. § 1715, and that motion's

accompanying exhibits.  (Doc. 154).  The Court finds and concludes that the forms and contents of,

and information provided by, the notices given by Hobby Lobby to federal and state regulatory

officials, as well as the identities of the officials to whom those notices were sent, were reasonable, proper, and in full compliance with 28 U.S.C. § 1715. As such, this Court finds that Hobby Lobby need not provide any further or supplemental notices under CAFA.

27.    Pending final determination of whether the settlement embodied in the Settlement Agreement is to be approved, no member of the Settlement Class, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Class Claims described in the Settlement Agreement against Hobby Lobby.

28.    In the event the Settlement is not approved or is otherwise terminated in accordance with the terms of the Settlement, then: (a) the Settlement and the Agreement, and the Court's Orders, including the Preliminary Approval Order, relating to the Settlement shall be vacated and shall be null and void, shall have no further force or effect with respect to any Party in this Action, and shall not be used or referred to in any other proceeding by any person for any purpose whatsoever; (b) the conditional certification of the Settlement Class pursuant to this Preliminary Approval Order shall be vacated automatically, without prejudice, to any Party or Settlement Class member to any legal argument that any of them might have asserted but for the Settlement, and this Action will revert to the status that existed before the Settlement's execution date; and (c) this Action shall proceed pursuant to further orders of this Court; and (d) nothing contained in this Settlement, or in the Parties' settlement discussions, negotiations, or submissions (including any declaration or brief filed in support of the preliminary or final approval of the Settlement), or in this Preliminary Approval Order or in any other rulings regarding class certification for settlement purposes, shall be construed or used as an admission, concession, or declaration by or against any Party of any fault, wrongdoing, breach or liability in this Action or in any other lawsuit or

proceeding, or be admissible into evidence for any purpose in this Action or any other proceeding by any person for any purpose whatsoever. This paragraph shall survive termination of the Settlement and shall remain applicable to the Parties and the Settlement Class Members whether or not they submit a written request for exclusion.

29. This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the Settlement or this Preliminary Approval Order, and to assure the effectuation of the Settlement for the benefit of the Settlement Class.

DONE this 7th day of April, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE