UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID PHILLIPS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Case No.: 2:16-cv-00837-JHE |
| ) | |
| HOBBY LOBBY STORES, INC., ) | |
| ) | |
| Defendant. ) | |

**FINAL ORDER AND JUDGMENT[1]**

In accordance with the memorandum opinion entered contemporaneously herewith, it is **ORDERED, ADJUDGED**, and **DECREED** as follows:

1.  Plaintiffs' Consolidated Motion for Final Approval of Settlements, and Petition for Award of Fees and Expenses, is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

2.  **Jurisdiction**. Because due, adequate, and the best practical notice has been given and all potential settlement class members have been given the opportunity to exclude themselves from or object to the settlement, the undersigned finds and concludes that it has personal jurisdiction over all settlement class members and that venue is proper. The undersigned also finds and concludes that it has subject matter jurisdiction over this action, including without limitation, jurisdiction to approve and enforce the Settlement, grant final certification to the Settlement Class, and dismiss the Action on the merits and with prejudice, all while retaining jurisdiction to enforce the Settlement as provided below.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 16).

3.      **Final Settlement Approval.**  The undersigned finds and concludes that the terms and provisions of the proposed Settlement, including all of its exhibits, have been negotiated and entered into by the parties in good faith and at arm's length. The settlement is both substantively and procedurally fair, and is fully and finally approved as fair, reasonable, and adequate as to each of the parties and each of the Settlement Class Members and as being in the best interests of the Settlement Class Members. The undersigned finds and concludes that the settlement fully complies with all applicable requirements of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).  In sum, the settlement, is fully and finally **APPROVED** in all respects save the issue of class representative incentive awards, and is hereby made effective.[2]

The parties are directed to implement and consummate the Settlement according to its terms and provisions.  The parties are also directed to take all steps necessary and appropriate to establish and implement the proof of claim process so that the Settlement Class Members can claim the benefits to which they may be entitled under the Settlement.

4.      **Binding Effect.**  The terms of the Settlement and of this Final Order and Judgment shall be forever binding on the Plaintiffs, Hobby Lobby, and all Settlement Class Members who did not timely and validly exclude themselves from the Settlement Class, as well as their present, former and future heirs, guardians, assigns, executors, administrators, representatives, employees, agents, attorneys, partners, legatees, predecessors, and/or successors. The terms of the Settlement and of this Final Order and Judgment shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons or entities, to

---

[2] The court retains jurisdiction to approve the incentive fee requested upon Plaintiff's renewed motion, should *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1260 (11th Cir. 2020), be reversed.

the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Settlement's Release.

5. **Release.**  The undersigned approves, incorporates and adopts the release set forth in Section 14 of the Class Action Settlement Agreement.  The Release is made effective as of the Final Settlement Date, and will forever discharge Hobby Lobby and the Other Released Parties of and from any liability to the Plaintiffs and the Settlement Class Members who did not timely and validly exclude themselves from the Settlement Class, as well as their present, former and future heirs, guardians, assigns, executors, administrators, representatives, employees, agents, attorneys, partners, legatees, predecessors, and/or successors, arising in whole or in part from the Released Claims as defined in the settlement.

6. **Permanent Injunction.**  Plaintiffs and all of the Settlement Class Members who did not timely and validly exclude themselves from the Settlement Class, as well as their present, former and future heirs, guardians, assigns, executors, administrators, representatives, agents, attorneys, partners, legatees, predecessors, and/or successors, are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating as a party or class member in, or otherwise pursuing or receiving any benefits from any lawsuit (including putative class actions), arbitrations, administrative, regulatory, or other proceedings or orders in any jurisdiction that is based on or related to, directly or indirectly, in whole or in part, the Released Claims. The undersigned finds that issuance of this permanent injunction is necessary and appropriate to effectuate its judgment and in aid of its retaining and continuing jurisdiction and authority over the Action and settlement.

7. **Retention of Jurisdiction.**  The undersigned expressly finds that there is no just reason for delay and the Clerk of Court is directed to enter this Final Order and Judgment as a final

judgment. Without in any way affecting the finality of this Final Order and Judgment, the court expressly retains exclusive and continuing jurisdiction: (a) as to the administration, consummation, enforcement, and interpretation of the settlement, including the Release, and the Final Order and Judgment; (b) resolution of any disputes concerning settlement class membership or entitlement to benefits under the terms of the settlement; and (c) all parties hereto, including members of the Settlement Class, for purposes of enforcing and administering the settlement and this Action generally, until each and every act agreed to be performed by the parties has been performed in accordance with the settlement.

**8.** **No Admissions.** Neither this Final Order and Judgment, nor any other document referred to herein, nor any action taken to carry out this Final Order and Judgment, is, may be construed as, or may be used as an admission or concession by or against Hobby Lobby or the Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability. Hobby Lobby continues to deny that the action meets the requisites for class certification under Rule 23 for any purpose other than settlement. Entering into or carrying out the settlement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Hobby Lobby's denials or defenses, and shall not be offered or received in evidence in any action or other tribunal for any purpose whatsoever, except as evidence to enforce the provisions of the settlement and this Final Order and Judgment; however, the settlement and Final Order and Judgment may be filed in any action brought against or by Hobby Lobby or the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

9. **Termination of Settlement.** This Final Order and Judgment shall become null and void and shall be without prejudice to the rights of the parties and Settlement Class Members, all of whom shall be restored to their respective positions existing immediately before the undersigned entered the April 7, 2021 Preliminary Approval Order, if: (a) the settlement does not reach the Final Settlement Date as defined in Section 2 of the Amended Stipulation; (b) the settlement is terminated by a Party in accordance with its provisions; or (c) the settlement does not become effective for any other reason.

10. **Dismissal of Action.** Subject to the provisions of this Final Order and Judgment, including the court's retention of jurisdiction as set forth herein, this action (including all individual and class claims presented herein) is dismissed on the merits and with prejudice, and without any other past or future fees, expenses, or costs to any party or Settlement Class Member. This dismissal is without prejudice to the rights of the Parties to enforce the terms of the Settlement Agreement. The Clerk of the Court is **DIRECTED** to terminate any pending motion as moot and close the file.

DONE this 20th day of August, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE